Town of Greece, Appellant, v. Charles Smith, Respondent.— Judgment affirmed, with costs. Memorandum: At the close of plaintiff's proofs, it appeared that defendant was erecting a building on his premises, pursuant to and in accordance with a permit granted him by the zoning board of appeals of the plaintiff town, upon its allowance of a variance pursuant to section 267 of the Town Law. The reconsideration (if such there were) by the board of appeals of its previous decision upon the same facts was invalid. (*Matter of Riker* v. *Board of Standards & Appeals*, 225 App. Div. 570; *Matter of Collins* v. *Board of Standards & Appeals*, 253 N. Y. 594; *Matter of Reed* v. *Board of Standards & Appeals*, 255 id. 131; *People ex rel. Swedish Hospital* v. *Leo*, 120 Misc. 335; affd., 215 App. Div. 696; *McGarry* v. *Walsh*, 213 id. 289; *Hall* v. *Walsh*, 137 Misc. 448; affd., 221 App. Div. 756. See, also, *People ex rel. Smith* v. *Clarke*, 174 N. Y. 259, 263.) Assuming that the board of appeals had jurisdiction in the matter (and there is no proof that it did not have), plaintiff's remedy — if any — was by review of the board's action under section 267 of the Town Law. (*Baddour* v. *City of Long Beach*, 279 N. Y. 167, decided by the Court of Appeals on November 29, 1938.) The plaintiff's complaint, therefore, was properly dismissed. All concur. (The judgment dismisses the complaint in an injunction action.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.

The People of the State of New York ex rel. John G. O'Brien, Appellant, v. Caldwell Manufacturing Co., Respondent.— Order affirmed, with costs. Memorandum: The order appealed from must be affirmed for two reasons: (1) Leave to renew the motion was a condition precedent. No application for such relief was made. (2) The prior order fully determined the matter here litigated. (*Sheehan* v. *Carvalho*, 12 App. Div. 430; *Haskell* v. *Moran*, 117 id. 251; *De Lacy* v. *Kelly*, 147 id. 37; Civ. Prac. Act, § 1332; *Riggs* v. *Pursell*, 74 N. Y. 370, 378; *Matter of Livingston*, 34 id. 555, 577; *People ex rel. Hartford L. Ins. Co.* v. *Fairman*, 91 id. 385, 387; *Belmont* v. *Erie R. Co.*, 52 Barb. 637; *Veeder* v. *Baker*, 83 N. Y. 156, 163; *United States* v. *Louisville & Nash. R. R.*, 236 U. S. 318, 334; *Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464, 465; *Matter of Steinway*, 159 id. 250; *People ex rel. Hasbrouck* v. *Supervisors*, 135 id. 522, 535.) All concur. The order denies permission to relator to examine certain records of a corporation.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ. [See, also, 253 App. Div. 870; affd., 278 N. Y. 520.]

Sam Wertheim, Respondent, v. Oriskany Street Garage, Inc., Appellant.— Judgment affirmed, with costs. Memorandum: We find the verdict fully warranted by the evidence. While the jurors were momentarily confused in the reporting of their verdict, we think that the very clear charge then given by the court, on the subjects of negligence and contributory negligence, cleared up any confusion which existed in the minds of the jurors and enabled them to report a verdict which in all respects accorded with their intention. All concur. (The judgment is for plaintiff in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.