In the Matter of MICHAEL S. PERRI et al., Petitioners, against ZON-ING BOARD OF APPEALS OF INCORPORATED VILLAGE OF SCARSDALE et al., Respondents, and LAURA C. BURGESS, Intervener, Respondent.— Proceeding under article 78 of the Civil Practice Act by neighboring property owners to review a determination of the zoning board of appeals of the Village of Scarsdale granting an area variance to intervener. The application for a variance was made under subdivision (g) of section 154 of the Zoning Ordinance, which provides that the board may, subject to appropriate conditions and safeguards to be prescribed by it, vary the application of the provisions of the ordinance " in harmony with their general purposes and intent ". The proceeding was transferred to this court for disposition pursuant to section 1296 of the Civil Practice Act. Determination unanimously confirmed, with one bill of $50 costs and disbursements. The board acted upon a reasonable basis and on sufficient evidence to permit the exercise of its discretionary powers under subdivision (g) of section 154 of the Zoning Ordinance. The case is distinguishable from those which arise under section 179-b of the Village Law, where a use variance is sought, in which unique hardship must be established. (Cf. Matter of Douglaston Civic Assn. v. Board of Standards & Appeals of City of N. Y., 278 App. Div. 659, affd. 302 N. Y. 920; Matter of Sima v. Board of Standards & Appeals of City of N. Y., 278 App. Div. 785, and 359 W. 34th St., Inc., v. Board of Stand-arads & Appeals of City of N. Y., 279 App. Div. 1032, affd. 305 N. Y. 878.) Moreover, in the absence of any statutory requirement therefor, special hard-ship need not be established where an area variance is involved. (Matter of Kelly v. Murdock, 275 App. Div. 786; 359 W. 34th St., Inc., v. Board of Standards & Appeals of City of N. Y., supra; Matter of Leone v. Yates, 280 App. Div. 823; Matter of Atlantic Beach Property Owners' Assn. v. Richter, 281 App. Div. 769.) Section 154 of the ordinance provides adequate stand-ards to limit and define the board's discretionary powers. (Cf. Matter of Thomas v. Board of Standards & Appeals, 263 App. Div. 352, revd. on other grounds 290 N. Y. 109, and Matter of Aloe v. Dassler, 278 App. Div. 975, affd. 303 N. Y. 878.) By separate order, the Special Term struck from intervener's answer the portion thereof denominated a separate and complete defense, also a partial defense and also a counterclaim. In the absence of any appeal from that order, this court may not review the propriety thereof. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ.

■

In the Matter of JACOB SYAGE, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant.— In a proceeding under article 78 of the Civil Practice Act, to review a determination of the State Rent Admin-istrator, which revoked a certificate of eviction previously granted by him, the order at Special Term annuls the determination and directs the Administrator to issue the certificate. Order reversed on the law, without costs, the proceed-ing dismissed, and determination confirmed. The Special Term having remitted the matter to the Administrator for further consideration, he was empowered to change his determination. (Matter of Yasser v. McGoldrick, 282 App. Div. 1056.) The Administrator found that there was an immediate and compelling necessity for the apartment sought, but found that the landlord had failed to prove good faith. There is substantial evidence to support the finding. Adel, Wenzel, Schmidt and Murphy, JJ., concur; Nolan, P. J., concurs in result.