In the Matter of the VILLAGE OF BRONXVILLE et al., Petitioners, against CLARENCE FRANCIS et al., Constituting the Board of Appeals of the Village of Bronxville, Respondents.

Supreme Court, Special Term, Westchester County, August 17, 1954.

*Allan R. Campbell* for Pondfield Road Company, Inc., and others, interveners.

*William W. Owens* for petitioners.

*Allin, Riggs & Shaughnessy* for respondents.

DOSCHER, J. This is an application to review a decision of the board of appeals of the Village of Bronxville, granting to Pondfield Road Company, Inc. (owner) and the Gramatan Company Incorporated of Bronxville (conditional vendee) a variance from the requirements of the Building Zone Ordinance of the Village of Bronxville.

Preliminary to the main question, the interveners have moved to strike out the village as a party to this proceeding. Such application is based upon the provision of section 179-b of the Village Law that " Any *person* or *persons*  *  *  * aggrieved " (emphasis supplied) may present a verified petition to the court attacking the legality of a decision of the board of appeals. It is argued that this language does not include the village, a municipal corporation.

Statutes are to be construed in accordance with the General Construction Law and the meaning of terms, therein contained, is to be read into every statute, unless a different meaning is clearly indicated (General Construction Law, § 110). Section 37 of the General Construction Law provides in part that " the term person includes a corporation ". This includes a municipal corporation (*Ackert* v. *City of New York,* 156 App. Div. 836).

The motion to strike out the village as a party is denied, and the court will now pass to the main question involved.

Since June 2, 1952, the Building Zone Ordinance of the Village of Bronxville has been undergoing amendment dealing with the permissible height and area of business district buildings. To comply with the amendment of June 2, 1952, a set of plans was submitted by Pondfield Road Company, Inc., for a new building on the site involved. Although rejected by the superintendent of buildings, the conformity of these plans was established by order of this court on May 13, 1953, which order was thereafter, on October 26, 1953, unanimously affirmed by the Appellate

Division (*Matter of Pondfield Road Co.* v. *Miller,* 282 App. Div. 892).

In the meantime, on May 18, 1953, the village further amended its Building Zone Ordinance by fixing (1) a maximum floor area in relation to lot area; (2) a maximum lot coverage; and (3) a rear yard setback. In view of this amendment, the superintendent of buildings rejected the former plans as not complying with the amended Building Zone Ordinance. Upon such latter rejection, Pondfield Road Company, Inc., and the Gramatan Company Incorporated of Bronxville appealed pursuant to section 179-b of the Village Law from the determination of the superintendent, and asked for a variance to permit the erection of a building that did not comply with the requirements of the ordinance relating to floor area, lot coverage, and rear yard setback. On March 4, 1954, a limited variance was granted by the board of appeals. It is the decision to grant such limited variance that is here sought to be reviewed.

The site here involved lies in a business " AA " district. No question is raised as to the use of the proposed building being permitted in such district. The village challenges as illegal the decision granting a limited variance varying the size of the building.

The power " to regulate and restrict the height   *   *   * size of buildings   *   *   *   and use of buildings " is entrusted to the board of trustees of a village (Village Law, § 175). While the board of trustees must appoint a board of appeals (Village Law, § 179-b), the statutory powers of such board of appeals are limited. Such powers are (1) to hear and decide appeals from decisions of administrative officers; (2) matters referred to it upon which it is required to pass under the zoning ordinance; and (3) where there are *practical difficulties* or *unnecessary hardship* " to vary or modify the application of any of the regulations   *   *   *   relating to the use, construction or alteration of buildings or structures, or the use of land ".

In applications for a variance under section 179-b of the Village Law (usually a variance as to the use to which premises are to be put) unique hardship must be established (*Matter of Perry* v. *Zoning Bd. of Appeals of Vil. of Scarsdale,* 283 App. Div. 818; *Matter of Douglaston Civic Assn.* v. *Board of Standards & Appeals of City of N. Y.,* 278 App. Div. 659, affd. 302 N. Y. 920; *359 West 34th St.* v. *Board of Standards & Appeals of City of N. Y.,* 279 App. Div. 1032, affd. 305 N. Y. 878). In the case at bar, there was no proof of unique hardship. If any unnecessary hardship were proved, such hardship would be

equally applicable to the other property in the district. If, as Pondfield Road Company, Inc., and its fellow interveners urge, any new building on the site in question would fall short of giving a return on land, the same failure of return would be the lot of any new building built on another parcel in the district.

Reliance cannot be placed solely upon the age of the present building on the site to prove the uniqueness of the hardship. In the two cases in which reliance was placed upon this factor (*Matter of Hopkins* v. *Board of Appeals of City of Rochester*, 179 Misc. 325, and *Bannister* v. *Board of Appeals of Vil. of East Hampton*, 65 N. Y. S. 2d 15), it was the use to which existing buildings were to be put that was involved. Here, the question is different.

It is argued, however, that this being an '' area '' variance, unique plight or unique hardship need not be shown. There are cases to that effect (*Matter of Perri* v. *Zoning Bd. of Appeals of Vil. of Scarsdale*, 283 App. Div. 818, *supra*; *Matter of Kelly* v. *Murdock*, 275 App. Div. 786; *359 West 34th St.* v. *Board of Standards & Appeals of City of N. Y.*, *supra*; *Matter of Leone* v. *Yates*, 280 App. Div. 823). In each of these cases, however, some special section of a zoning ordinance or building zone resolution gave the board of appeals discretionary power to vary the application of the zoning regulations without proof of practical difficulties or unnecessary hardship.

A village board of appeals *may* be granted the power to vary the application of the zoning regulations in harmony with their general purpose and intent, and *in accordance with general or specific rules therein contained* (Village Law, § 175). By analysis, we find that while the power to grant a variance for practical difficulties or unnecessary hardship is given to a village board of appeals by an act of the State Legislature (Village Law, § 179-b), the power to grant other variances of a discretionary nature, not requiring a showing of unnecessary hardship, must be given to the board of appeals by the board of trustees (Village Law, § 175). When such power is given by the board of trustees, adequate safeguards to limit and define the discretionary power of the board of appeals must be set up (Village Law, § 175; *Matter of Perri* v. *Zoning Bd. of Appeals of Vil. of Scarsdale, supra*). In this case, however, the board of trustees has not granted this discretionary power to the board of appeals. Without such grant, the power of the board of appeals is limited to that fixed by section 179-b of the Village Law, namely, to act in cases of practical difficulties or unnecessary hardship.

After a full review of all the proceedings (all parties having agreed to submit the case on the proceedings before the zoning board of appeals), the court finds that the variance was illegally granted. The determination of the zoning board of appeals will be reversed, annulled and set aside.

Settle order on notice.