■ RICHARD S. SIEGEL et al., Appellants, v. WILLIAM E. LASSITER et al., Respondents, et al., Defendant.— In an action for a declaratory judgment, the appeal is from a resettled order granting respondents' motions to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4), and from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. The action seeks to invalidate a resolution granting an area variance pursuant to subdivision (g) of section 154 of the Zoning Ordinance of the Village of Scarsdale. The action, which was commenced three years after the granting of the variance, challenges its validity mainly on the grounds that (a) personal notice of the application for the variance had been given to only one of the three co-owners of adjoining property, (b) there had been no showing of hardship, and (c) the hardship, if any, had been self-imposed. In our opinion, the complaint was properly dismissed. The only requirement of personal notice to adjoining landowners is contained in the rules of the village board of appeals; section 179-b of the Village Law

requires only "due notice * * * to the parties", and section 154 of the village zoning ordinance requires merely "public notice". The required "public notice" was given and "due notice to the parties" likewise was given. Neighboring owners are not "parties" to the proceeding and, consequently, are not entitled to the "due notice" provided for by the Village Law; hence, the board of appeals did not lose jurisdiction of the variance proceeding, despite the failure to give personal notice to all the neighboring owners pursuant to its own rule (*Ottinger* v. *Arenal Realty Co.*, 257 N. Y. 371; see, also, *Matter of Gazan* v. *Corbett*, 278 App. Div. 953, affd. 304 N. Y. 920). Since the board of appeals had jurisdiction of the variance proceeding, and the complaint does not attack the validity or meaning of the zoning ordinance, the board's determination is reviewable only by an article 78 proceeding brought as provided in section 179-b of the Village Law; that proceeding must be brought within 30 days, and a declaratory judgment action does not lie (Village Law, § 179-b; *Matter of Beckmann* v. *Talbot*, 278 N. Y. 146, 149–150; cf. *Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234, 239; *Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198, 206). Where a variance is sought pursuant to subdivision (g) of section 154 of the village zoning ordinance, no showing of hardship is required, since section 154 gives the board of appeals discretionary power to grant a variance "in harmony with [the] general purposes and intent" of the zoning ordinance (*Matter of Perri* v. *Zoning Bd. of Appeals*, 283 App. Div. 818). Moreover, hardship need not be shown when seeking an area variance (*Matter of Perri* v. *Zoning Bd. of Appeals*, supra; *Matter of Village of Bronxville* v. *Francis*, 1 A D 2d 236, affd. 1 N Y 2d 839); consequently, the self-imposed hardship rule does not apply in such case (*Matter of 293 North Broadway Corp.* v. *Lange*, 282 App. Div. 1056). Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.