(No. 35124.—■)

THE VILLAGE OF BANNOCKBURN *et al.*, Appellees, *vs.* THE COUNTY OF LAKE *et al.*, Appellants.

*Opinion filed May 22, 1959—Rehearing denied September 22, 1959.*

BRUNO STANCZAK, State's Attorney, and McCLORY, BAIRSTOW & ANDERSON, both of Waukegan, (ROBERT Mc-CLORY, and DAVID K. ANDERSON, of counsel,) for appellants.

J. E. BAIRSTOW, and JACOB BLOOM, both of Waukegan, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

In October of 1956, one of the appellants, the Cosmopolitan National Bank of Chicago, as trustee and holder of the legal title to certain real estate in Lake County, petitioned the zoning board of appeals of that county to vary, modify and rezone the uses permitted with reference to certain real estate. After public hearings, the zoning board of appeals recommended to the county board of supervisors that the rezoning involved in this appeal be granted.

The recommendation of the zoning board of appeals was followed and a resolution granting the rezoning was adopted. The vote on passage of the resolution was by majority but was less than a three-fourths vote of all the members of the board of supervisors. Subsequently, at its March meeting, the board of supervisors reconsidered the earlier action of granting the rezoning and, upon reconsideration, again adopted a resolution, again by majority only, granting the requested reclassification.

Prior to the consideration of this petition, the plaintiffs below and appellees here had filed with the county clerk certain documents protesting the proposed amendment to the existing zoning regulations. The protest as filed carried the signature of several property owners who were described as the owners of property directly opposite the land sought to be reclassified. The number of feet of frontage owned by each signer of the protest was also indicated.

At the time of the consideration of the instant petition by the county board of supervisors, other petitions for rezoning filed by the defendant bank as holder of legal title to certain adjacent land were also considered and, by reason of protest filed thereto, the county board determined that the vote to approve reclassification must be by a three-fourths vote of all members of the board, and lacking such a vote, the resolution for rezoning was declared lost as to the other real estate not involved in this appeal.

When considering the present petition, the minutes of the county board indicate that it was determined that the protests as filed to the instant petition did not represent "twenty per cent of adjacent property owners" and accordingly, the resolution for reclassification was declared adopted, although it received only a majority vote.

This declaratory judgment proceeding was instituted by the plaintiffs to determine the validity of the action of the county board of supervisors. The circuit court declared the rezoning ordinance invalid, holding that a valid ordinance, in view of the protest, required the affirmative vote of three-fourths of all members of the board of supervisors. This appeal is from that decision and this court has jurisdiction in that the validity of a municipal ordinance is involved.

Section 53 of the Counties Act (Ill. Rev. Stat. 1955, chap. 34, par. 54,) provides that a majority of the supervisors of the county present at a meeting shall determine all questions that arise, "except in such cases as is otherwise provided." Section 5 of the County Zoning Act (Ill. Rev. Stat. 1955, chap. 34, par. 152m,) provides in part as follows:

"The regulations imposed and the districts created under the authority of this Act may be amended from time to time by ordinance or resolution, after the ordinance or resolution establishing same has gone into effect, but no such amendments shall be made without a hearing before the board of appeals. * * * In case of written protest against any proposed amendment, signed and acknowledged by the owners of * * * twenty percent of the frontage immediately adjoining or across an alley therefrom, or by the owners of twenty percent of the frontage directly opposite the frontage proposed to be altered * * * filed with the county clerk, such amendment shall not be passed except by the favorable vote of three-fourths of all the members of the county board."

It is the contention of the plaintiffs that sufficient objections within the meaning of the language of section 5 were filed so as to require a three-fourths vote as therein provided.

The particular area sought to be rezoned and referred to as "Parcel 1053-B" is oddly shaped and for that reason causes some difficulty. The parcel is shaped roughly as the letter "T." The base of the "T" fronts on Deerfield Road. The left or west side of the "T" is somewhat irregular and lopsided and larger than the right or east side. This left side is bounded by Saunders Road. The portion of the parcel that is bounded by Deerfield Road has a frontage on the road of 550 lineal feet and on Saunders Road of 1321 lineal feet. The parcel over-all contains 70 acres. Except as indicated, none of the rest of the 70-acre tract fronts on any public road, alley or stream.

One of the witnesses for the plaintiffs, Harmon Hendrix, owns property opposing the base portion of Parcel 1053-B and having a linear distance on Deerfield Road of 409.6 feet. This property is asserted by the plaintiffs to constitute more than twenty percent of the frontage needed to invoke the requirement that the rezoning must pass by a three-fourths vote.

This description of the parcel and the measurements above quoted are not in dispute as between the parties but their difficulty is concerned with a definition of the word "frontage," it being the contention of the defendants that "frontage," as used in the statute, requires protest to be signed by owners of property that in the aggregate own at least twenty per cent of the entire perimeter of the property proposed to be altered.

In reading the language of the statute here, we find no need whatsoever for construction, interpretation or labored effort to ascertain the legislative intention. In this statute there is neither ambiguity nor room for construction. It seems to us abundantly clear that the legislature expressed

its intention in clear and unmistakable terms and the only function of the court under such circumstances is to declare and enforce the law as enacted by the legislature. (*Belfield v. Coop*, 8 Ill.2d 293.) The word "frontage" has a common, ordinary meaning and, obviously, that meaning was intended in the statute here under construction. "Frontage" means that part of the parcel sought to be rezoned that gives access frontage on a roadway, alley or other public way. Property that is adjacent and contiguous to a stream, highway or road may be said to have frontage thereon. There is no indication to be found in the statute that any meaning other than the usual and customary meaning of the word was intended. We, thus, must use the definition above set forth, which is certainly commonly accepted. See *Standard Oil Co. v. Kamradt*, 319 Ill. 51.

Inasmuch, therefore, as the objectors had frontage opposite the frontage sought to be altered in excess of twenty per cent thereof, a three-fourths vote of all of the members of the board of supervisors was required in order to enact a rezoning ordinance. Since the ordinance or resolution here was lacking such vote, the ordinance was properly determined to be invalid.

Finally, the defendants contend that the protests of the Hendrixes, even if constituting twenty per cent of the frontage, are not properly to be considered in that defects are said to exist in the acknowledgment of the protest and for the further reason that Mabel Hendrix allegedly signed the name of her husband to the protest at the time that she signed her own name. A careful examination of the record clearly establishes that the county board rejected the protests for the reason that it was found that the signers did not represent "twenty percent of the adjacent property owners" and that the primary question tried below involved what constituted sufficient ownership of land in order to own twenty percent of the frontage opposite the frontage

sought to be altered. Technical objections as to the acknowledgment and the authority of Mrs. Hendrix to affix her husband's name to the petition are, as the trial court held, without merit.

Finding no error in the record, the decree of the circuit court of Lake County is affirmed.

*Decree affirmed.*