■ In the Matter of FRANK A. BROCKWAY, as Commissioner of Jurors of the County of Dutchess, Appellant, v. BOARD OF SUPERVISORS OF THE COUNTY OF DUTCHESS, Respondent.— In a proceeding by the Commissioner of Jurors of Dutchess County, pursuant to article 78 of the Civil Practice Act, to direct respondent, the Board of Supervisors of such county, to appropriate money for the salary of a Deputy Commissioner of Jurors, the petitioner appeals from an order of the Supreme Court, Dutchess County, entered April 25, 1961, which dismissed his petition. Order affirmed, without costs. In our opinion, it was within the board's power to determine the amount of salary, if any, of the deputy (Judiciary Law, § 654). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of the CITY OF GLEN COVE, Appellant, v. ARTHUR BUXENBAUM et al., Constituting the Board of Appeals of the City of Glen Cove, et al., Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the respondent Board of Appeals of the City of Glen Cove, which granted a zoning variance to the respondent Mary Chess, Inc., the petitioner, the City of Glen Cove, appeals from an order of the Supreme Court, Nassau County, entered November 22, 1961, which dismissed its petition on the ground that, as a municipal corporation, it was not authorized by law to maintain the proceeding. Order reversed on the law, without costs, and proceeding remitted to the Special Term for a determination on the merits. The applicable statute (General City Law, § 82, subd. 1) provides, in pertinent part, that: " Any person * * * aggrieved by any decision of the board of appeals [of a City] " may apply for relief therefrom by an article 78 proceeding. We hold that, within the meaning of the statute, the petitioner city may be such an aggrieved person; that, as such, it may institute and maintain the proceeding; and that the further reference in the statute to " any officer, department, board or bureau of the city " does not affect the status of the city itself as a person or party aggrieved and entitled to institute the proceeding (*Town of Greece* v. *Smith*, 256 App. Div. 886; *Matter of Village of Bronxville* v. *Francis*, 206 Misc. 339, mod. on other grounds 1 A D 2d 236, affd. 1 N Y 2d 839). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.