Village of Mount Prospect, a Municipal Corporation, Plaintiff-Appellant, v. County of Cook, a Body Corporate and Politic, Herbert C. Wenske, Building Commissioner of Cook County, Bernard J. O'Brien, Zoning Administrator of Cook County, Western National Bank of Cicero, as Trustee Under Trust No. 2168, J. M. Brickman Mid-West Corp., a Corporation, and Sidney R. Olsen, Recorder of Deeds of Cook County, Defendants-Appellees.

Gen. No. 52,858.

First District.

August 1, 1969.

CRAVEN, J., dissenting.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago (R. Marlin Smith and Robert W. Bartlett, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, and Bloch, Birndorf & Silverman, of Chicago (Edward J. Hladis, Chief of Civil Division, Ronald Butler and Charles A. Berke, Assistant State's Attorneys, and Allan R. Bloch, of counsel), for appellees.

TRAPP, P. J.

The trial court dismissed with prejudice the complaint of plaintiff for a declaratory judgment that the rezoning of certain property by the defendant county was void, and for relief against the Cook County Building Commissioner and Cook County Zoning Administrator enjoining the issuing of building permits or zoning certificates, and against the owners of certain parcels of property from using such pursuant to the zone classification, and certain other injunctive relief.

The three parcels referred to as "subject property" are located within the unincorporated area of Cook County and described as being contiguous to and within one and one-half miles of the corporate limits of plaintiff. The parcels at issue appear to be separated from plaintiff Village by a street designated Foundry Road, which lies partly within and partly outside the corporate limits of the plaintiff Village.

In 1960 the area had been zoned under County Ordinances as general residence. In 1966 the owners filed a petition for reclassification of the area. Following the publication of notice Mt. Prospect officials filed "resolutions of objection." Hearing was held on March 11, 1966, and thereafter the county's Zoning Board of Appeals recommended the proposed reclassification to a general service district. On April 10, 1966, the County Board of Commissioners adopted an ordinance for such rezoning. By this action the subject parcels may be used for an office building, a motel and a combined office and apartment

337

building. As of such date, Mt. Prospect had no effective comprehensive plan for the contiguous area concerned.

The complaint alleges that in 1943 the Village adopted a certain plan establishing subdivision regulations which were applicable to land within one and one-half miles of its boundary, and that in 1965 the Village began the study of a comprehensive plan which was finally adopted in 1967. Such plan is said to have designated the subject property as suitable for annexation, and recommended that upon annexation it be zoned as multiple-family residence.

Defendant's motion to dismiss raised the issue that plaintiff, as a municipal corporation, lacked the standing to challenge the express statutory power of the County to zone or amend its zoning as to the parcels concerned, relying upon the authority of Village of Bensenville v. County of DuPage, 30 Ill App2d 324, 174 NE2d 403. Bensenville sought a declaratory judgment that the act of the county was void in the rezoning and granting of a special use as to a parcel in unincorporated territory and appealed from the order of the trial court sustaining a motion to dismiss the complaint. The issue stated was whether the village possessed the "power to attack" the zoning action of the county. The village contended that it possessed such standing through or by reason of certain statutes conferring certain extraterritorial powers upon a municipality. These powers did not include any provision relating to zoning beyond the village limits. The court noted that municipal powers are strictly construed and that the express statutory power of the county to zone was paramount against the authority of the village implied from other nonzoning extraterritorial powers.

Plaintiff argues that the rule of Bensenville is made obsolete by reason of the provisions of the Municipal Code of 1961 granting statutory powers to a municipality to adopt a comprehensive land-use plan for contiguous ter-

338

ritory within one and one-half miles of its boundaries, and to implement such plans by ordinance. C 24, Art 11, Div 12, Ill Rev Stats 1965. It is expressly stated in argument that there is no claim by the Village under the powers to zone unincorporated territory within one and one-half miles of the village boundaries as provided in c 24, Art 11, Div 13, Ill Rev Stats.

We review the legislative action with respect to land use planning and zoning to ascertain any apparent change of legislative intent since the Bensenville opinion. The problem of adjusting the conflicting interests between cities and villages and the counties in matters of zoning was analyzed and discussed prior to the adoption of the Municipal Code of 1961. See The Proposed Improvements to Community Planning and Zoning Powers in Illinois, 48 Ill Bar Jour 670 at 681, June 1960.

Plaintiff alleges that a village plan was adopted in 1943. Chapter 24, § 53-2, Ill Rev Stats 1943, sets forth certain powers which authorized a municipal plan commission to establish reasonable requirements with reference to streets, alleys and public grounds in "unsubdivided land" situated within the corporate limits or any contiguous territory not more than one and one-half miles beyond the corporate limits but not included in any municipality.

The Municipal Code of 1961, c 24, § 11-12-5, Ill Rev Stats, expands such concept creating authority to establish reasonable standards of design for subdivisions of unimproved land in somewhat greater detail. Such section is primarily significant in the additional provision:

"... and (c) may designate land suitable for annexation to the municipality and the recommended zoning classification for such land upon annexation."

Plaintiff agrees that there is no authority for the exercise of zoning powers prior to annexation.

It appears that the Legislature did contemplate that there would be conflicts between the plans of different municipal authorities in the provisions that where unincorporated land is within one and one-half miles of the boundaries of two or more corporate authorities they may agree upon the jurisdictional boundary line between them, and that in the absence of such agreement the jurisdiction of each should extend to a median line equidistant from the respective boundaries of such municipalities. In another aspect, the Legislature foresaw potential conflict between the several municipalities and made provision that if any municipality adopted a comprehensive plan pursuant to c 24, § 11–12–4 et seq., concerning contiguous territory not more than one and one-half miles beyond its corporate limits and not included within any municipality, then no other municipality should adopt a plan concerning the territory so covered. C 24, § 11–12–9, Ill Rev Stats 1967.

In another division, the Municipal Code of 1961 granted the power to zone contiguous territory not more than one and one-half miles beyond the corporate limits of a municipality which was not included within any other municipality. Such power seems to be coextensive with the power to zone within the corporate limits. C 24, § 11–13–1, Ill Rev Stats 1967. The area of potential conflict was again considered in the provisions of § 11–13–1, that if any part of the area outside the corporate limits of a municipality had been zoned, upon annexation by a second or different municipality the annexing unit shall thereafter exercise the zoning powers provided.

In the area of delimiting municipal powers, such section specifically provided:

> ". . . No municipality shall exercise any power set forth in this Division 13 outside the corporate limits thereof, if the county in which such municipality is situated has adopted 'An Act in relation

340

to county zoning,' approved June 12, 1935, as amended."

The correlative statutory provisions relating to county zoning, c 34, § 3151, Ill Rev Stats, as adopted in 1935 and as amended in 1965, provided for comprehensive county zoning outside the limits of cities, villages and incorporated towns which had municipal zoning ordinances in effect. This provision included the language:

"Any zoning ordinance enacted by a city, village or incorporated town shall supersede, with respect to territory within the corporate limits of the municipality, any county zoning plan otherwise applicable."

Section 3158 expressly provides that county zoning regulations imposed and zoning districts created under the authority of the Act may be amended from time to time by ordinance or resolution. As to potential conflicts between municipalities and the county zoning provision, the Legislature provided that if a municipality having a zoning ordinance desired to protest proposed county zoning of the area within one and one-half miles of its corporate limits, it should appear at a hearing and submit specific written proposals for zoning such territory, and that if such proposals were not incorporated in the county zoning, the county board was required to establish such zoning which had been objected to by a three-fourths vote of all members of such board. C 34, § 3152. A similar provision was made for written objection by municipalities in those instances where the county proposed to amend the regulation or alter the districts carried under the County Zoning Act.

The complaint described the parcels at issue as lots and portions of lots within described subdivisions theretofore classified by the county as general residence with provisions for educational, cultural institutions and recreational facilities. There is no pleading which permits in-

341

ference that the area is unimproved land without streets, utilities and the divers items prescribed by standards for the subdivision of unimproved land. It cannot be correctly said that the comprehensive planning of all contiguous land within one and one-half miles of the limits of Mt. Prospect is to be done under the authority of c 24, § 11–12–4, et seq.

It is argued that Mt. Prospect has adopted a recommended zoning classification which upon future annexation includes the parcels at issue, and that the amendment of the county zoning regulation as made impairs and renders useless the Mt. Prospect plan. It is contended that Mt. Prospect as a corporate entity suffers special damages in terms of depreciation of tax values of property within the village, traffic congestion, injuries to its health and welfare program, including possible damage through flood and drainage problems. These matters are the subject of zoning under c 24, § 11–13–1, et seq., Ill Rev Stats. There is, however, a reasonable inference from the pleadings describing the property that such matters were given consideration in the county zoning requirements for the subdivisions existing and zoned by the County at the time of the adoption of the Mt. Prospect plan.

As argued by plaintiff, upon the adoption of a comprehensive plan by Mt. Prospect, existing county zoning would pass from the control of the county and await annexation of the contiguous property by the village. As suggested in LaSalle Nat. Bank v. Village of Palatine, 92 Ill App2d 327, 236 NE2d 1 (1968), Mt. Prospect might not succeed in annexing the contiguous property, and it would then be unable to apply its proposed zoning recommendation. The proposition argued by plaintiff would permit Mt. Prospect to effectively control the zoning in, if not zone, the area theretofore zoned by the county without ever being called upon to attempt annexation.

Examination of the several statutes discloses nothing which suggests that the adoption of a comprehensive plan by Mt. Prospect was a condition precedent to annexation of the concerned contiguous area as it was then zoned. By annexation the village zoning would then supersede that of the county. C 34, § 3152, Ill Rev Stats 1967. As of the time of the amendment of the county zoning ordinance at issue, it was speculative whether Mt. Prospect would have the comprehensive plan which it now claims to be controlling, and the nature and contents of such plan were equally speculative.

██ ██ So far as the record discloses statutory notice and hearing were had upon the proposal to amend the County Zoning classification of the parcels at issue. Mt. Prospect did appear and file "resolutions of objection," but the Zoning Board of Appeals of Cook County recommended the reclassification of the property, and the Cook County Board of Commissioners did amend the ordinance by the statutory vote of at least three-fourths of its members. In view of the language of the several statutes considered, it is the duty of this Court to make all provisions of the statute effective, if it is possible so to do. In ascertaining legislative intent we must consider the provisions of relevant statutes in addition to the one which plaintiff pleads. Petterson v. City of Naperville, 9 Ill2d 233, 137 NE2d 371. We conclude that the legislative intent as to the resolution of conflicting interests between municipalities and the county has been met in the vote of at least three-fourths of the County Commissioners following the consideration of the written protests of plaintiff.

In Dato v. Village of Vernon Hills, 62 Ill App2d 274, 210 NE2d 626 (1965), a school district sought to intervene in proceedings to rezone in the defendant Village. By amendment to the statute in 1963, the school district was authorized to appear and present evidence as to its interest in matters of zoning. It was argued by the

district that such statutory authority to appear and present evidence implied authority to litigate the zoning dispute. The school district alleged a form of special damage, i. e., that the rezoning would increase the school population without increasing the tax support for the school. It was held that the school district had no inherent powers, that the statute only authorized the school district to appear and present its views, and that the Legislature would have clearly stated a power to litigate the zoning action if such was the legislative intention.

The Legislature has generally granted to municipalities the statutory power to zone contiguous land within one and one-half miles of their boundaries, but has expressly withheld such authority as to land included within a county zoning system. C 24, § 11–13–1, Ill Rev Stats (1965). We cannot say that such expression of legislative intent is overcome by plaintiff's argument that it may challenge the County Zoning Board upon the basis of a "unique and special interest by reason of its statutory authority" to adopt a less sophisticated comprehensive plan for subdivision standards.

Cases from foreign jurisdiction cited by plaintiff do not deal with the issue presented and discussed here, i. e., a unique interest created by statutuory authority to plan. Such cases do not concern the standing of a municipality to sue to set aside the zoning ordinance of a contiguous municipality. Despite the quoted language of certain intermediate courts cited, the Supreme Court of New Jersey in Borough of Cresskill v. Borough of Dumont, 15 NJ 238, 104 A2d 441 (1954), expressly held that it did not decide the standing of an adjacent municipality to sue. It, in fact, disposed of the case upon the interests of other parties.

Plaintiff also cites certain authorities from other States which describe municipalities as "aggrieved parties" for purposes of appeal in zoning matters. In Village of Bronxville v. Francis, 206 Misc 339, 134 NYS2d 59

(1954) and City of Glen Cove v. Buxenbaum, 233 NYS2d 141, 17 App Div2d 828 (1962), the respective municipal zoning Boards of Appeals had granted variances. It was held that under the statute a municipality was sufficiently aggrieved to seek review of the action of its own Zoning Board of Appeals within its own city limits. See also Innet v. Liberman, 155 NYS2d 383 (1956) and Town of Milford v. Commissioner of Motor Vehicles, 139 Conn 677, 96 A2d 806 (1953). In City of Greenbelt v. Jaeger, 237 Md 456, 206 A2d 694 (1965), it appears that the municipality was included within a planning district. The zoning board of such district recommended rezoning to permit apartments outside of the city limits. Greenbelt contended that such rezoning was incompatible with its city uses and sought to appeal the action of the court which held that denial of the rezoning was arbitrary. Upon review it was held that as to property outside the city limits, Greenbelt was not an aggrieved party for purposes of the appeal. Such cases are not persuasive authority that the plaintiff municipality may bring declaratory judgment to hold void the zoning actions of Cook County acting pursuant to the powers delegated by the Legislature.

The judgment below is affirmed.

Affirmed.

SMITH, J., concurs.

CRAVEN, J., dissents.

CRAVEN, J., dissenting:

Three parcels of property in the unincorporated area of Cook County contiguous to the Village of Mount Prospect were zoned by the county as R–5 General Residential District. The plaintiff-village, acting pursuant to section 11–12–4, et seq., of the Illinois Municipal Code (Ill Rev Stats 1965, c 24, par 11–12–4), prepared and adopted

a comprehensive land-use plan for the village. Acting pursuant to the statutory authority, this plan designated the subject property as suitable for annexation and recommended that upon annexation it be developed or zoned as R–4 Multiple-Family Residence District of the village zoning ordinance.

The owner of the propery petitioned for and received a reclassification from R–5 General Residence to B–4 General Service District under the county zoning ordinance. The owner proposes to construct a six-story office building, a three-building motel complex consisting of a one-, four-, and six-story building, and a five-story structure containing retail stores on the ground floor and multiple-family dwellings on the upper floors. The village objected to the reclassification. Notwithstanding this objection, the county did reclassify the property to permit of the proposed use.

This proceeding was instituted by the village to challenge the validity of the county rezoning reclassification. The sole issue here is the authority of the village to maintain this action in its corporate capacity relating to territory not within the corporate limits but contiguous thereto.

My colleagues hold that the village has no such authority and in so doing follow the opinion of the Appellate Court, Second District, in Village of Bensenville v. County of Du Page, 30 Ill App2d 324, 174 NE2d 403 (2nd Dist 1961).

I do not agree that the Village of Mount Prospect is lacking in authority to challenge the county zoning ordinance amendment as it relates to these three parcels of ground.

It is clear that there is no statutory provision that either expressly authorizes the village to challenge a county zoning ordinance or prohibits such challenge. It is equally clear that a municipality has only such power or authority as is expressly or by necessary implication

given to it by the General Assembly, and it is further clear that the general rules of strictly construing statutes as they relate to grants of power to municipalities would reach the result of the majority here.

Municipalities, of course, have a general capacity to sue and be sued if some corporate purpose of the municipality is served by such litigation. In this case the amended complaint alleged and, for purposes of this proceeding, the motion to dismiss admitted that the village has exercised the authority conferred by statute to adopt a comprehensive land-use plan and that the rezoning ordinance adopted by the County of Cook permits a use of the subject property in a manner substantially contrary to the comprehensive plan. Mount Prospect further alleges the existence of a subdivision control ordinance and regulation, again pursuant to statute, purporting to govern and regulate subdivision development. Finally, the complaint alleges that the proposed development would create traffic hazards and congestion on highways— highways, incidentally, located both within and without the corporate limits of the village—and that such use would adversely affect the ability of the village to provide police and fire protection to the residents of the village. It further alleges that there would be an overburden of sewer and storm drainage facilities located within the village, and that the proposed development would strain the capacities of the utility company which would serve the proposed development and serves a portion of the Village of Mount Prospect. All these areas of special damages that are alleged are areas of municipal concern and areas in which the municipality is authorized to function by statute. How can it be said that the only remedy in protecting its interests is to file a protest with the County Board and if after receipt of the protest the County Board votes by a three-fourths vote to approve the rezoning, then the village is without further remedy?

In the Bensenville case the court held that the village had no standing to challenge the validity of the county zoning ordinance. A careful reading of that opinion, however, indicates that the court was in substantial measure concerned with a determination of whether the village or the county had the power to zone the property. The majority here seems to me to speak of the control of the zoning of the area by the village through the comprehensive plan device. The question is not the power of the municipality to zone the area. It is clear and the plaintiff concedes that the authority to enact zoning ordinances applicable to the property rests in the county. The issue is the standing of the village to challenge in a judicial forum the validity of the county zoning ordinance.

Aside from the Bensenville decision, in Chicago Title & Trust Co. v. County of Cook, 68 Ill App2d 487, 216 NE2d 216 (1st Dist 1966), the Villages of Mount Prospect and Arlington Heights were permitted to appear as intervenor defendants although not the principal parties litigant. In Village of Bannockburn v. County of Lake, 17 Ill2d 155, 160 NE2d 773 (1959), the village participated as a party-plaintiff although the specific issue of its authority to do so seems not to have been in issue. In Society of the Divine Word v. County of Cook, 107 Ill App 2d 363, 247 NE2d 21 (1st Dist 1969), where issues other than zoning were involved, but zoning was involved, affected villages were permitted to intervene and appear as plaintiffs and as defendants. Finally, in Village of Riverwoods v. County of Lake, 94 Ill App 2d 320, 237 NE2d 547 (1968), the village was a proper party as plaintiff to challenge the validity of a county zoning ordinance enacted without compliance with specified notice requirements.

Realistically, today's complex urban problems do not behave according to the geography of municipal boundaries. Clearly, in this case, the county had jurisdiction of

the subject property for purposes of zoning. Equally clear, however, is the fact that Mount Prospect had authority to concern itself with a comprehensive plan for the development of the area including the subject property. There is not necessarily a conflict between these two governmental functions. When they do conflict the jurisdiction to zone rests in the county. It seems to me, however, that implicit in the authority to make a comprehensive plan is capacity to challenge the validity of the county action under usual zoning standards.

The items of special damages or of unique impact on the village may or may not be established at a hearing on the merits. It may be that the county zoning reclassification is perfectly valid under any test of legality. Those are matters which, in my judgment, should be determined at a hearing on the merits of this controversy. It was error for the circuit court to dismiss the complaint for want of capacity of the village to sue. Accordingly, I dissent.