■ COMMUNITY BOARD NO. 4 (MANHATTAN), Respondent, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Appellants, and 25 BUILDING ASSOCIATES, Respondent-Appellant. — Order, Supreme Court, New York County (Lehner, J.), entered January 25, 1982, denying appellants' motions to dismiss the petition, unanimously reversed, on the law, without costs or disburse-

ments, and the motion granted. In this CPLR article 78 proceeding Community Board No. 4 (CB No. 4) seeks to annul a decision of the Board of Estimate which, after public hearings, affirmed the Board of Standards and Appeals (BSA) grant of a zoning variance to intervenor 25 Building Associates. The variance permitted the conversion of all floors of the building located at 130 West 25th Street "above the second floor from lofts into a multiple dwelling". Both the City Planning Commission and CB No. 4 appealed to the Board of Estimate, which accepted jurisdiction and, after a full hearing, passed a resolution finding substantial evidence to support BSA's findings and its grant of the variance. Acting on its own initiative CB No. 4 commenced this proceeding. The Board of Estimate, BSA and 25 Building Associates moved to dismiss on the ground that CB No. 4 lacked standing. Special Term denied the motions, finding that CB No. 4 is an aggrieved party. Because CB No. 4 lacks the statutory authority to institute such a proceeding, we reverse and dismiss the petition. As creatures of statute (Charter of City of New York, §§ 2800, 668), community boards have only those powers which are expressly granted by statute and those powers which are necessary to implement the expressed powers. (See *Matter of Village of Boonville v Maltbie,* 272 NY 40, 47; see, also, *Matter of Flacke v Freshwater Wetlands Appeals Bd. of State of N. Y.,* 53 NY2d 537, 539.) In 1973, prior to the 1975 charter revision, this court, in *Community Planning Bd. No. 2 of Borough of Manhattan v Board of Stds. & Appeals* (43 AD2d 670), in determining that community boards lacked standing to sue, held that "there is nothing found in statute or decision which accords the Community Planning Board status to petition herein". Neither the charter revisions nor recent judicial decisions mandate a different result. While both the City Planning Commission and community boards have standing to appeal a BSA determination of a variance application to the Board of Estimate by virtue of subdivisions e and c of section 668 of the Charter of the City of New York, respectively, only the City Planning Commission, by virtue of subdivision e of section 668, is provided with standing to challenge the grant or denial of a variance in an article 78 proceeding. Since standing is explicitly conferred on the City Planning Commission, such status is implicitly denied to other entities. *Expressio unius est exclusio alterius.* Had the Legislature intended to abolish the judicial rule that community boards lack the power to challenge the determinations of administrative bodies regarding variances by statute, such an intent would have had to be explicitly manifested. Special Term's reliance upon subdivision d of section 668 as conferring standing upon community boards is misplaced. That section does not confer any new or substantive power to seek judicial review of zoning restrictions, but, merely preserves the right of appeal which is otherwise authorized in the charter. Concur — Sullivan, J. P., Markewich, Bloom, Fein and Asch, JJ.