Meyer, J.
(dissenting). Because the majority overemphasizes the procedural at the expense of the substantive aspects of this matter, misreads the pertinent provisions of the Town Law and adopts a position which is both contrary to the majority rule and, in my view, wrong as a matter of policy, I respectfully dissent.
Governance of a town is by section 51 of the Town Law placed in the Town Board which, under that law, is “the legislative, appropriating, governing and policy determining body of the town and shall have and exercise all such powers and duties as are conferred or imposed upon it or are necessarily incidental thereto which are consistent with the provisions of this article”. Expressly dealt with in sections 65 and 68 of the law are the powers of the town to control litigation. Section 65 directs that “Any action or special proceeding for or against a town * * * shall be in the name of the town” and that “The town board of any town may authorize and direct any town officer or officers to* institute, defend or appear, in any action or legal proceeding, in the name of the town, as in its judgment may be necessary, for the benefit or protection of the town, in any of its rights or property.” Subdivision 1 of section 68 specifically provides that “The town board of any town may compromise or settle: a. An action or proceeding against the town, with the approval of the court in which such action or proceeding is pending.”
On the basis of those provisions there would seem to be little question that the Town Board is authorized to settle the instant special proceeding. The majority points, however, to the facts that the Town Board is not named as a party to the article 78 proceeding, that the Zoning Board represents the public interest in protecting the zoning system set up by the Town Board, and that the Town Board cannot take over the variance function of the Zoning Board. Viewed in proper perspective, however, these arguments are not persuasive.
That the Town Board is not a named party is a vestige of the in rem nature of certiorari, to which the only indispen-sible party defendant was the agency having custody of the *270 record, provisions carried forward into the direction of CPLR 7802 (subd [a]) that the body or officer whose action may be affected be party to the proceeding, and of CPLR 7804 (subd [e]) that that body or officer file a certified transcript of the record of its proceedings (Second Reformed Church v Board of Adj., 30 NJ Super 338; Gilliam v Etheridge, 67 Ga App 731; 3 Rathkopf, Zoning & Planning, § 42.05, p 42-22).* Though inconsistent to a degree with the provision of section 65 of the Town Law, that special proceedings involving the town be “in the name of the town,” the inconsistency is more apparent than real, for in all but exceptional cases it is the Town Attorney who represents the Board in such proceedings (cf. Town Law, § 20, subd 2; § 65, subd 1). Moreover, the Town Board, the legislative body whose zoning ordinance is involved, may properly be named as a party or be permitted to intervene (CPLR 7802, subd [d]). The solution of the present controversy should not turn on the happenstance that the Town Board is or is not named as a party, the more so in view of section 65’s direction that special proceedings “for or against a town, or for its benefit * * * be in the name of the town.”
The issue before us is whether the Town Board, in which is vested the power to zone (Town Law, § 261), or the Zoning Board of Appeals, appointed by the Town Board and given authority to vary or modify the zoning ordinance enacted by the Town Board, should control the disposition of the present appeal. In that context much of the case authority upon which the majority relies is at best of peripheral relevance. The fact that the town is a necessary party when the constitutionality of its zoning ordinance is put in issue (Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449, and cases cited by the majority, at p 265) does not establish that the town’s control of zoning within its borders, including variances from its ordinance, is subordinate to that of the Zoning Board of Appeals when constitutionality is not in issue.
*271 Nor, for several reasons, is it germane that under the wording of subdivision 7 of section 267 of the Town Law an alderman, town councilman or building inspector has standing to review a decision of the Zoning Board of Appeals (Bowman v Squillace, 74 AD2d 887; Matter of Marshall v Quinones, 43 AD2d 436; Matter of Bachety v Volz, 65 Misc 2d 176, affd 39 AD2d 842; cf. Blumberg v Town of North Hempstead, 114 Misc 2d 8). The implication the majority appears to draw from those cases is that if such persons come within the phrase “any officer, department, board of bureau” as used in subdivision 7 of section 267 of the Town Law, the Zoning Board of Appeals necessarily must. Because that wording deals only with who may seek first instance review of the Board’s determination, the construction of the word “board” to include the Zoning Board of Appeals, and thus to give that Board authority to seek article 78 review of its own determination, hardly seems logical. Moreover, doing so would not settle the question before us — who has paramount authority to control such litigation — for the case law is clear that the town and its counterparts, cities and villages, also have standing to institute such a review proceeding (Town of Greece v Smith, 256 App Div 886; Matter of City of Glen Cove v Buxenbaum, 17 AD2d 828; Matter of Village of Bronxville v Francis, 206 Misc 339, mod on other grounds 1 AD2d 236, affd 1 NY2d 839; Matter of Town Bd. v Zoning Bd., 7 Misc 2d 210) unless by express prohibition (Matter of Helgar Realty Corp. v Commissioner of Environmental Conservation, 98 Misc 2d 56, affd 75 AD2d 1025) or necessary implication (Matter of Community Bd. v Board of Estimate, 57 NY2d 846, affg 88 AD2d 832), the governing statute otherwise provides.
The majority discerns an implied proscription from the cases holding that a Zoning Board of Appeals may appeal a court decision annulling the Board’s determination, from the provisions of section 267 of the Town Law, providing for the establishment of the Board, and on the basis of the impotence of the Town Board to control the Zoning Board’s variance decisions.
The appeal cases are not determinative of the present issue. As already noted, they arise largely from the confusion generated by the overlapping provisions of CPLR 7804 *272 and section 65 of the Town Law, and a right of appeal in the Zoning Board can be found in the provisions of section 267 of the Town Law only by stretching its lánguage unduly. Furthermore, in most of the cases relied on, the standing of the Zoning Board to appeal was not contested, and many are inconclusive because the Town Board was also a party (e.g., Matter of Calcagno v Town Bd., 291 NY 701) or the Zoning Board was represented by counsel for the municipality and the court in refusing to dismiss the appeal because it was not taken by the Town Board was, in effect, simply recognizing that the interests of the Town Board and of the Zoning Board were the same (Matter of Corbett v Zoning Bd., 283 App Div 282; see Matter of Ernst v Board of Appeals, 298 NY 831; Matter of Robitzek Investing Co. v Murdock, 296 NY 852).
The provisions of sections 261 and 267 of the Town Law, to which the majority refers as evidencing the Zoning Board’s role “as a representative of the public interest in protecting the zoning system set up by the Town Board” (majority opn, at p 266), provide no stronger support. Zoning Boards were established because of the difficulty of drafting a perfect zoning ordinance, in order to provide flexibility and keep zoning legislation out of the courts (Anderson, The Board of Zoning Appeals — Villain or Victim?, 13 Syracuse L Rev 353, 355-357). True, though appointed by the Town Board, the members of the Zoning Board have a fixed term, can be removed only for cause and after a hearing, and cannot also serve as a member of the Town Board (Town Law, § 267, subd 1). But it is also true that the Zoning Board’s powers are to be exercised “in accordance with general or specific rules” contained in the zoning regulations established by the Town Board (Town Law, § 261) and that its variance power as declared in subdivision 5 of section 267 is to be exercised “so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done” (emphasis supplied). Not only do the underscored words suggest that the Zoning Board’s function is quasi-judicial rather than legislative or administrative, but Professor Anderson’s study indicates that such boards have more often acted to protect property owners’ rights than to protect the zoning *273 system (13 Syracuse L Rev, at pp 354, 360, 369, 371, 376, 384-385). At best equivocal, the statutory provisions do not sustain the concept that the Zoning Board has been accorded paramountcy over the Town Board in the protection of the public interest.
Nor can too much weight be given the argument that the Town Board cannot dictate the Zoning Board’s variances determination. As the majority concedes (at p 267), the Town Board has the ultimate control for it not only can appeal the Zoning Board’s decision, but also reverse it by amending the zoning ordinance. Its doing so is, of course, subject to public scrutiny, but the fact that it has the final word strongly suggests that, notwithstanding the independence of the Zoning Board, it is the Town Board rather than the Zoning Board which is the protector of the public interest.
This follows, as well, from the fact that the Zoning Board has no responsibility for enforcement of the zoning ordinance as such, that function being vested in the Town Board or such local officer as it may designate (Town Law, § 268), and from the generally accepted rule that a Zoning Board acts in a quasi-judicial capacity and, although the public interest plays an important part in its decision-making, “has no interest, personal or official, in the matters which come before it other than to decide them” (Zoning Appeals Bd. v McKinney, 174 Md 551, 561). Though there are decisions to the contrary, the generally accepted rule is that a Zoning Board does not have a partisan role when one of its decisions is questioned or annulled on review by a court (Board of Adj. v Kuehn, 132 Col 348; Gilliam v Etheridge, 67 Ga App 731, supra; Speck v Zoning Bd., 89 Ill 2d 482; State ex rel. Bringhurst v Zoning Bd., 198 La 758; Inhabitants of Town of Boothbay Harbor v Russell, 410 A2d 554 [Me]; Mayor of Baltimore v Borinsky, 239 Md 611; City of Keene v Zoning Bd., 114 NH 744; DiCillo & Sons v Chester Zoning Bd., 158 Ohio St 302; Lansdowne Borough Bd. of Adjs. Appeal, 313 Pa 523; National Dev. Corp. v Township of Harrison, 64 Pa Commw 54; Hassell v Zoning Bd., 108 RI 349; see 4 Anderson, American Law of Zoning [2d ed], § 25.20, pp 241-243; 8A McQuillin, Municipal Corporations [3d ed rev], § 25.342a, *274 pp 500-501; Rathkopf, op. cit., § 42.05, pp 42-22 to 42-24; Ann., 13 ALR4th 1130), the municipality being held in such cases to be the proper party appellant. Important to note with respect to the cases contra, including those cited by the majority, are the facts that they hold no more than that a Zoning Board has sufficient interest to appeal, not that a municipality does not, and that in at least two (Rommell v Walsh, 127 Conn 16; and Cefalo v Board of Appeal, 332 Mass 178), the report shows that the Zoning Board appeared by the Corporation Counsel, suggesting that there was no difference of view between the Board and the municipality. They, thus, are not determinative of the question being decided on this appeal.
The fact that the Zoning Board is a party to a proceeding to review its determination results from the procedural history of article 78 rather than a legislative intent to assign it an enforcement role. It acts only after a hearing (Town Law, § 267, subds 2, 5), and in ruling upon variance applications is directed to act not only in the spirit of the ordinance but also so that substantial justice will be done. It is not, however, as were the Land Commissioners involved in People ex rel. Burnham v Jones (110 NY 509), the only authority upon which the public duty as to the matter in hand rests and should be accorded no right, apart from that of the municipality within whose jurisdiction it functions, to appeal from an order of a court annulling its determination, or to be heard on such an appeal (People ex rel. Steward v Board of R.R. Comrs., 160 NY 202, 212; People ex rel. Breslin v Lawrence, 107 NY 607, 609; Matter of Quinn, 2 App Div 103, affd 152 NY 89; see Matter of Rox v Doherty, 284 NY 550, 553). Clearly, therefore, it should not be permitted to interfere with the Town Board’s determination to withdraw the appeal.
The order of the Appellate Division permitting the appeal to be withdrawn should, therefore, be affirmed.
Judges Jasen, Jones, and Kaye concur with Chief Judge Cooke; Judge Meyer dissents and votes to affirm in a separate opinion in which Judges Wachtler and Simons concur.
Order reversed, etc.

 Thus in Cefalo v Board of Appeal (332 Mass 178), on which the majority relies, the Massachusetts Supreme Judicial Court reasoned “that if the members of the board could not be made defendants there would be in many instances no one who could be made a defendant, and no suit could be brought” (at p 180).