HAROLD W. HERRINGTON *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF PEORIA *et al.*, Defendants-Appellees.

(No. 72-226; ▬▬▬▬▬▬)

Third District—April 27, 1973.

Joseph Toohill, of Farmington, for appellants.

Robert S. Calkins, State's Attorney, of Peoria, (James S. Dixon, of counsel,) for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Peoria County in an action for a declaratory judgment, filed by the plaintiffs-appellants who sought to have an amendatory zoning ordinance declared void for failure to comply with section 3158 of chapter 34, Ill. Rev. Stat. 1969.

The Defendants, Doris Dixon and Geraldine Dixon James, obtained options to purchase property on which they intended to build an automobile race track. The property, which was zoned for agricultural use, adjacent to the Brimfield interchange of Interstate Route 74 in Peoria County. To the east of the property there was other land, however, the other three sides were bounded by public roadways. The plaintiffs, Harold Herrington and others, owned property located on the three public roadways surrounding the defendants' property but across the road therefrom. The defendants filed petitions to change the zoning of the optioned property to Commercial on one part of the property and Industrial with a Special Use for a motor raceway on another part. Not included in the petitions for rezoning were three strips of land 30 feet in width on the north, west and south borders. By not including the 30 foot strips in the property to be rezoned, such property thus did not abut on any of the three public roadways. After the defendants filed the petitions with the Peoria County Board of Appeals, hearings were held and the rezoning was recommended. The plaintiffs then filed protests with the County Clerk claiming to be owners of more than 20 percent of the frontage opposite the frontage proposed to be altered by the rezoning. This protest was pursuant to section 3158 of chapter 24, Ill. Rev. Stat. 1969 which contains the following language:

"In case of written protest against any proposed amendment, signed and acknowledged by the owners of twenty percent of the frontage proposed to be altered, or by the owners of twenty percent of the frontage immediately adjoining or across an alley therefrom, or by the owners of twenty percent of the frontage directly opposite the frontage proposed to be altered,   *   *   *, filed with the county clerk, such amendment shall not be passed except by the favorable vote of three-fourths of all members of the county board."

Following the protest, the County Board adopted an ordinance granting the rezoning by a vote of 26 in favor and 9 against.

The present declaratory judgment action was then filed by the plaintiffs, who alleged that the ordinance should be declared void because not approved by three-fourths of the members of the County Board.

It is undisputed that the plaintiffs own more than 20 percent of the frontage directly opposite the frontage proposed to be altered unless the intervention of the 30 foot strips between the proposed rezoning and the public roadways defeats the plaintiffs' standing to protest. The Circuit Court found that the plaintiffs had failed to prove they were protestors within the statute, because they were not directly opposite any frontage being rezoned. According to the trial court, the ordinance required only a simple majority, which it received.

■■ It has been called to our attention by both parties that the court should adopt certain rules where a matter of statutory interpretation is involved. According to the appellants, the legislature is not presumed to have done a useless thing in enacting a law (*Pinkstaff v. Pennsylvania R.R. Co.*, 31 Ill.2d 518, 202 N.E.2d 512) but is presumed to have passed an effective law. (*Linkens v. Furman*, 52 Ill.App.2d 1, 201 N.E.2d 645.) Statutes should be construed in a manner which will accomplish the objects sought by their enactment. (*Illinois National Bank v. Chegin*, 35 Ill.2d 375, 220 N.E.2d 226.) The object of the statute under consideration is to provide a special right to protest to near-by property owners when a zoning change is proposed and it is thwarted if a petition for rezoning can exclude a strip of property which thereby prevents protest by near-by property owners. An act of the legislature will not be construed to result in an absurd, inconvenient or unjust consequence. *People v. Hudson*, 46 Ill.2d 177, 263 N.E.2d 473.

■■ On the other hand appellees urge that zoning statutes are in derogation of common law and are to be strictly construed in favor of the property owners. (*Voisard v. County of Lake*, 27 Ill.App.2d 365, 169 N.E.2d 805.) Zoning statutes are subject to strict construction in favor of the right of a property owner to the unrestricted use of his property. (*City of Rockford v. Eisenstein*, 63 Ill.App.2d 128, 211 N.E.2d 130.) If the property proposed to be rezoned has no frontage then according to the statute there can be no protestors since protestors are specifically defined in terms of frontage. Consistent with the logic of their position, appellees insist that if the property sought to be rezoned is separated from a public roadway by a distance of one inch, one foot, five feet, or thirty feet as in the instant case, property sought to be altered has no frontage and there can be no protestors.

There is no dispute as to the existence of the rules cited by both parties, rather it is the application of the rules to the facts which is in dispute.

The Section of the Counties Zoning Act (Ill. Rev. Stat. 1969, ch. 34, sec. 3158), which is in issue before us, permits a protest by the owners of 20 percent of the frontage directly opposite the frontage proposed to be altered. We are confronted with the question whether this Section of the Statute is applicable where the petition for rezoning does not include a strip of property between the property proposed to be rezoned and the public roadway.

The constitutionality and purpose of legislation which affords special rights to those property owners particularly situated has been approved. (*Bredberg v. City of Wheaton*, 24 Ill.2d 612, 182 N.E.2d 742.) In *Bredberg* the statute involved was the Cities and Villages Act (Ill. Rev. Stat. 1957, ch. 24, sec. 73—8), which is now section 11—13—14 of chapter 24, Ill. Rev. Stat. 1969. This Statute has language identical to that found in the Zoning Provision of the Counties Act.

In the *Bredberg* case the court, quoting with approval from *Farmer v. Meeker*, 63 N.J. Super. 56, 163 A.2d 729, observed:

> "The statute does not prevent the governing body from amending its ordinance. It merely requires a percentage of vote greater than the usual majority where a proper protest has been filed. That the municipality should exercise extra diligence when it is making important changes in the property rights of citizens who object is obvious, and the Legislature has rightly exercised its discretion in predetermining the precise degree of extra diligence those citizens will be guaranteed. This is in conformity with recognized legislative powers."

In *Village of Bannockburn v. County of Lake*, 17 Ill.2d 155, 160 N.E.2d 773, the court applies the same statutory provision with which we are concerned and in another context defined and applied "frontage", in terms of access to a public way. We have no quarrel with the definition of "frontage", but a definition is not dispositive of the issue raised on this appeal.

It is important to note that even though property abuts on a public roadway, it is the property which is being altered and not merely the frontage. Therefore, when the statute uses the words "frontage to be altered" it should be understood that it is the alteration in the use of an area which results in the alteration of frontage or the area of access to a public road.

■■ In determining whether the proposed rezoning of described prop-

erty will result in the alteration of frontage along a public roadway where the described property is separated from such roadway by an intervening area, the following factors are relevant:

    (1) Is the unincluded intervening area limited and capable of definite description?

    (2) Will the use of the unincluded property be related to and dependent upon the proposed use of the described property?

    (3) After rezoning of the described property will the unincluded property be suitable for use as authorized by the pre-existing and continuing zoning?

    (4) May the described property be used in accord with its altered zoning classification independent of and without regard to the use of the intervening area?

If it appears from a consideration of the foregoing factors that the uses of the described property and the unincluded property are mutually dependent and related, the frontage along the highway should be deemed altered by the proposed rezoning so far as the statute affecting the status of protestors is concerned even though the described property may not have a dimension abutting the roadway.

■■ From the evidence we have no difficulty in concluding that the property proposed to be rezoned and the unincluded 30 foot strips are so intimately related and the uses thereof so mutually dependent that the proposed alteration does effect the access or frontage along the public roadways. A contrary holding would be at variance with the purpose and spirit of the law. As a condition of the special use of the premises for a racetrack and in accord with the plans described by the owners, 25 feet of the 30 foot strips will be used as access roads and the remaining 5 feet will be used for trees, shrubs or other screening methods. Without such access over the buffer zone the area proposed to be rezoned would not be useable for the purposes permitted under its new classification, and the buffer zones themselves will no longer be suitable for agricultural purposes as permitted by the unmodified zoning classification.

Because of the absence of Illinois authorities on this subject the appellees have directed our attention to several cases from other jurisdictions. Of these cases only two from North Carolina are sufficiently relevant to require discussion and in our view neither of the cases persuades us that the plaintiffs should be denied the status of protestors. A North Carolina statute provides that the protest must be "by the owners of twenty percent or more   \*  \*  \* of the area of lots   \*  \*  \* immediately adjacent   \*  \*  \* extending one hundred feet therefrom or of those directly opposite thereto extending one hundred feet from the street frontage of such opposite lots   \*  \*." (GS, Sec. 160-176.)

In *Penny v. City of Durham*, 249 N.C. 596, 107 S.E.2d 72, the owners of the tract to be rezoned excluded a 150 foot strip between the zoned property and the street. The owners of more than 20 percent of the land abutting on the opposite side of the street protested. The court concluded that the protestants were not directly opposite the property to be rezoned, because of the intervention of the 150 foot strip. In *Heaton v. City of Charlotte*, 277 N.C. 506, 178 S.E.2d 352, which involved the same statute, the owners of the proposed rezoned tract excluded a 100 foot strip on the east side of their property. The protestors owned property east of the excluded strip. Again the court concluded that because of the 100 foot strip the owners did not qualify as protestors.

The North Carolina statute is not comparable to ours. In each of the foregoing cases, the legislative reference to 100 feet appears to have been considered by the court as a legislative declaration, that "one hundred feet" was a legally sanctioned buffer or barrier insulating the property from the claims of protestors. Neither case is any authority for the proposition that a buffer strip of any size, no matter how small, prevents the application of the statute.

■■ We feel that the purpose of the statute is not served if a protest of near-by owners can be prevented merely by not including a buffer strip from the rezoning petition. The owner of the buffer zone could later seek to rezone the buffer strip which would in effect create piecemeal rezoning. The court has in the past adopted construction of statutes which will avoid piecemeal rezoning or annexation. *Chapman v. County of Will*, 8 Ill.App.3d 1007, 291 N.E.2d 658, and *Town of Normal v. Harter*, 5 Ill. App.3d 363, 283 N.E.2d 44.

We conclude that the proposed zoning amendment failed to pass by the requisite vote. Accordingly, the judgment of the Circuit Court of Peoria County is reversed.

Judgment reversed.

SCOTT, P. J., and DIXON, J., concur.