Matter of Berg v Planning Bd. of the City of Glen Cove (2019 NY Slip Op 00867)





Matter of Berg v Planning Bd. of the City of Glen Cove


2019 NY Slip Op 00867


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10030
 (Index No. 9704/15)

[*1]In the Matter of David Berg, et al., petitioners/plaintiffs-appellants, et al., petitioner/plaintiff,
v
Planning Board of the City of Glen Cove, et al., respondents/defendants-respondents, et al., respondents/defendants (and a related matter).


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Amy B. Marion of counsel), for petitioners/plaintiffs-appellants.
Zarin & Steinmetz, White Plains, NY (Michael D. Zarin, Brad K. Schwartz, and Kate Roberts of counsel), for respondents/defendants-respondents Planning Board of the City of Glen Cove, City of Glen Cove, Glen Cove City Council, City of Glen Cove Industrial Development Agency, and City of Glen Cove Community Development Agency.
Farrell Fritz, P.C., Hauppauge, NY (Charlotte A. Biblow, Anthony S. Guardino, and John C. Stellakis of counsel), for respondents/defendants-respondents RXR Glen Isle Partners, LLC, RexCorp-Glen Isle Partners, LLC, Glen Isle Partners, LLC, and Glen Isle Development Company, LLC.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review determinations of the respondent/defendant-respondent Planning Board of the City of Glen Cove dated December 19, 2011, and October 6, 2013, respectively, and action for declaratory and injunctive relief, the petitioners/plaintiffs (except for Marsha Silverman) appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered August 18, 2016. The order and judgment, insofar as appealed from, granted the motion of the respondents/defendants-respondents Planning Board of the City of Glen Cove, City of Glen Cove, Glen Cove City Council, City of Glen Cove Industrial Development Agency, and City of Glen Cove Community Development Agency, and the separate motion of the respondents/defendants-respondents RXR Glen Isle Partners, LLC, RexCorp-Glen Isle Partners, LLC, Glen Isle Partners, LLC, and Glen Isle Development Company, LLC, pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint insofar as asserted against each of them, denied the amended petition, and dismissed the proceeding/action insofar as asserted against those respondents/defendants.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents/defendants-respondents appearing separately and filing separate briefs.
This appeal concerns a project to redevelop 56 acres of land along the waterfront of [*2]Glen Cove Creek that had formerly been used for heavy industrial purposes. The project, which has been in the planning stages for more than 20 years, anticipates the redevelopment of the area for residential, commercial, and recreational purposes.
In 2005, the Planning Board of the City of Glen Cove (hereinafter the Planning Board) declared itself the lead agency under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) and issued a SEQRA positive declaration, meaning that the project included the potential for adverse environmental impacts and that a comprehensive environmental impact statement (hereinafter EIS) was required (see ECL 8-0109[2]; 6 NYCRR 617.7[a][1]; Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie, 3 NY3d 508, 519). After extensive public hearings and many rounds of review over the course of several years, on December 19, 2011, the Planning Board adopted a 579-page final EIS, dated July 28, 2011, and a 135-page SEQRA findings statement, dated December 19, 2011, in which the Planning Board concluded, inter alia, that the project avoided or minimized adverse environmental impacts to the maximum extent practicable, and that adverse environmental impacts would be avoided or minimized to the maximum extent practicable by incorporating the mitigation measures set forth therein (see ECL 8-0109[8]; 6 NYCRR 617.11[c], [d]; Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416, 425). Also on December 19, 2011, the Planning Board granted the developer a special use permit for a planned unit development (hereinafter PUD) master development plan regarding the project. On November 18, 2014, the Planning Board approved the developer's PUD site plan and subdivision application for phase one of the project.
On June 11, 2015, the developer submitted an application to amend the PUD master development plan in a manner that would decrease the overall footprint and density of the private buildings to be built and increase the amount of parks, public amenities, and other open space. The developer submitted an environmental assessment form which contained an attachment that compared the potential environmental impacts of the amended plan with the impacts studied at the time of the prior SEQRA review. After deliberating the amendment at four regular meetings and two public hearings, on October 6, 2015, the Planning Board adopted a 23-page resolution finding that a supplemental EIS (hereinafter SEIS) was not necessary because the proposed modifications would not result in any new potential significant adverse environmental impacts that had not been previously studied.
In November 2015, the petitioners/plaintiffs (hereinafter the petitioners), who are all allegedly residents of the City of Glen Cove, the Village of Sea Cliff, or the Hamlet of Glen Head, commenced this hybrid proceeding pursuant to CPLR article 78 to review the Planning Board's determinations dated December 19, 2011, and October 6, 2015, respectively, and action for declaratory and injunctive relief. This matter was joined with another matter which is the subject of a companion appeal (see Matter of Berg v Planning Board of the City of Glen Cove, ___ AD3d ___ [Appellate Division Docket No. 2017-04579; decided herewith]). The respondents/defendants-respondents Planning Board, City of Glen Cove, City of Glen Cove City Council, City of Glen Cove Industrial Development Agency, and Glen Cove Community Development Agency (hereinafter collectively the City respondents) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint insofar as asserted against them. The respondents/defendants RXR Glen Isle Partners, LLC, RexCorp-Glen Isle Partners, LLC, Glen Isle Partners, LLC, and Glen Isle Development Company, LLC (hereinafter collectively the developer), separately moved for the same relief as to them. The Supreme Court granted the motions of the City respondents and the developer, denied the amended petition, and dismissed the proceeding/action insofar as asserted against them.
We agree with the Supreme Court's determination that to the extent that the amended petition seeks review of the Planning Board's determination dated December 19, 2011, it is time-barred (see CPLR 217[1]; 3211[a][5]; Town Law § 282; Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 316-317). Contrary to the petitioners' contention, they failed to demonstrate that the City respondents should be estopped from raising the statute of limitations as a defense. Estoppel is generally not available against a governmental agency in the exercise of its governmental functions (see Pless v Town of Royalton, 81 NY2d 1047, 1049; Matter of Daleview Nursing Home v Axelrod, 62 NY2d 30, 33; Matter of Hamptons Hosp. & Med Ctr. v Moore, 52 [*3]NY2d 88, 93 n 1). While there exists a "rare exception" to this general rule in exceptional cases where there is fraud, misrepresentation, or other affirmative misconduct upon which the other party relies to its detriment (Pless v Town of Royalton, 81 NY2d at 1049; see Matter of Hamptons Hosp. & Med Ctr. v Moore, 52 NY2d at 93 n 1; Matter of Maimonides Med. Ctr. v New York City Water Dept., 164 AD3d 1342), here, the petitioners failed to demonstrate any such improper conduct that would warrant the application of the doctrine of estoppel (see Matter of Concerned Port Residents Comm. v Incorporated Vil. of Sands Point, 291 AD2d 494, 496).
With respect to the Planning Board's determination dated October 6, 2015, although the respondents/defendants did not file an answer, where, as here, it is clear that no dispute as to the facts exists and no prejudice will result, the court can, upon a respondent/defendant's motion to dismiss, decide the petition on the merits (see Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102; Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138).
"The decision to prepare a SEIS as a result of newly discovered information must be based upon . . . (a) the importance and relevance of the new information; and (b) the present state of information in the EIS' (6 NYCRR 617.9[a][7][ii]). In making this fact-intensive determination, the lead agency has the discretion to weigh and evaluate the credibility of the reports and comments submitted to it and must assess environmental concerns in conjunction with other economic and social planning goals (see 6 NYCRR 617.1[d]). The discretion to require a SEIS is distinguished from regulations regarding the preparation of a [draft EIS or final EIS], which a lead agency must itself prepare or require the applicant to prepare (see 6 NYCRR 617.9[a][1], [5])" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231).
"Judicial review of a lead agency's SEQRA determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion. In assessing an agency's compliance with the substantive mandates of the statute, the courts must view the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924 [citations and internal quotation marks omitted]; see CPLR 7803[3]). "This standard of review applies to a lead agency's determination regarding the necessity for a SEIS. It is not the province of the courts to second-guess thoughtful agency decisionmaking . . . The lead agency, after all, has the responsibility to comb through reports, analyses and other documents before making a determination; it is not for a reviewing court to duplicate these efforts. As [the Court of Appeals has] repeatedly stated, [w]hile judicial review must be meaningful, the courts may not substitute their judgments for that of the agency for it is not their role to weigh the desirability of any action or [to] choose among alternatives" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d at 232 [internal quotation marks omitted]).
Here, the record demonstrates that in its determination dated October 6, 2015, the Planning Board identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see id. at 232-233; Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d at 319; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 429-430).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination to grant the motions of the City respondents and the developer pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint insofar as asserted against each of them, deny the amended petition, and dismiss the proceeding/action insofar as asserted against them.
SCHEINKMAN, P.J., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court