Matter of Preserve Our Brooklyn Neighborhoods v City of New York (2020 NY Slip Op 06464)





Matter of Preserve Our Brooklyn Neighborhoods v City of New York


2020 NY Slip Op 06464


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 159401/18 Appeal No. 12341 Case No. 2019-5447 

[*1]In the Matter of Preserve Our Brooklyn Neighborhoods, et al., Petitioners-Appellants,
v
The City of New York, et al., Respondents-Respondents.


Jack L. Lester, New York, for appellants.
James E. Johnson, Corporation Counsel, New York (Eric Lee of counsel), for City of New York, New York City Planning Commission and New York City Council, respondents.
Sheldon Lobel, P.C., New York (Richard Lobel of counsel), for South Portland, LLC and Randolph Haig Daycare Center, Inc., respondents.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about June 19, 2019, which granted respondents' cross motion to dismiss petitioners' second cause of action as untimely, and otherwise denied the petition seeking to annul a determination of respondent New York City Council, dated June 28, 2018, approving a proposal to amend zoning maps, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Even if the petition was timely, the court properly rejected petitioners' arguments on the merits. The City respondents took the requisite "hard look" at the relevant areas of environmental concern, including any effects on neighborhood character, and provided a "reasoned elaboration" of the basis for their approval of the project (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [2006] [internal quotation marks and citation omitted]).
The zoning map amendments do not constitute illegal spot zoning enacted solely for the benefit of the lot in question to the detriment of other owners (see Matter of Rodgers v Village of Tarrytown, 302 NY 115, 123-124 [1951]). The record establishes that the rezoning is part of "a well- considered and comprehensive plan calculated to serve the general welfare of the community" (Collard v Incorporated Vil. of Flower Hill, 52 NY2d 594, 600 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020