Matter of Neighbors United Below Canal v deBlasio (2021 NY Slip Op 01947)





Matter of Neighbors United Below Canal v deBlasio


2021 NY Slip Op 01947


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Manzanet-Daniels, J.P., González, Mendez, Shulman, JJ. 


Index No. 100250/20 Appeal No. 13358 Case No. 2020-03916 

[*1]In the Matter of Neighbors United Below Canal, et al., Petitioners-Respondents,
v
Mayor Bill deBlasio et al., Respondents-Appellants.


James E. Johnson, Corporation Counsel, New York (Amy McCamphill of counsel), for appellants.
Mintzer Mauch PLLC, New York (Helen Mauch of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (John J. Kelley, J.), entered September 22, 2020, which, to the extent appealed from as limited by the briefs, granted the petition to the extent of annulling the approvals issued by respondent New York City Planning Commission, dated September 3, 2019, the resolutions of respondent New York City Council, dated October 17, 2019, and any relevant approvals issued by respondents New York City Department of Correction, Department of City Planning, and Department of Citywide Administrative Services insofar as applicable to the proposed construction of a new jail at 124-125 White Street, New York, New York, and enjoined respondents from taking any physical steps to effectuate such construction, pending certain administrative procedures directed by the court, unanimously reversed, on the law, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
The scoping process in this case was not arbitrary and capricious, affected by an error of law, or in violation of lawful procedure. Initially, two nearby locations for the proposed jail were considered: 124-125 White Street and 80 Centre Street. The Centre Street site was identified during the scoping process, but the proposed site was changed to White Street after further review, including consideration of public comments received during the process. This change of location was reflected in the final scope of work and other documents, including the draft and final versions of the environmental impact statement. The applicable regulations allow significant post-scoping changes to a project (see e.g. 6 NYCRR 617.8[f], [g]; 62 RCNY 5-07[e]). Under the particular circumstances of this case, the scoping process did not have to be redone; respondents had already "performed each of the required steps in the SEQRA review process," and a "de novo environmental review" would have been "redundant" (Matter of King v Saratoga County Bd. of Supervisors, 89 NY2d 341, 349-350 [1996] [internal quotation marks omitted]).
We are mindful that the SEQRA process requires strict, not substantial, compliance (see King, 89 NY2d at 347 [1996]; Matter of Jackson v New York State Urban Dev. Corp., 110 AD2d 304, 307 [1st Dept 1985], affd 67 NY2d 400 [1986]). As earlier noted, this case involved a unique situation, in which two possible sites were known to the affected communities and the selection of the alternate site flowed from community participation in the underlying process. For this reason, we decline to hold, on this record, that a change in sites alone mandates that the scoping process begin anew. To be clear, our holding does not foreclose a situation where a change in site might require the scoping process to begin anew, however, this is not that case.
We find that the environmental review considered a reasonable range of alternatives (see e.g. Matter of Town of Dryden v Tompkins County Bd. of Representatives, 78 NY2d [*2]331, 334 [1991]; Matter of Williamsburg Community Coalition v Council of the City of N.Y., 100 AD3d 521, 522 [1st Dept 2012]), took the requisite hard look at impacts on public health (see e.g. Matter of Friends of P.S. 163, Inc. v Jewish Home Lifecare, Manhattan, 30 NY3d 416 [2017]), traffic, and parking, and "made a reasoned elaboration of the basis for its determination" (Matter of Eadie v Town Bd. of Town of N. Greenbush, 7 NY3d 306, 318 [2006] [internal quotation marks omitted]). The Uniform Land Use Review Procedure also properly considered traffic and parking matters.
Contrary to the article 78 court's finding, the City Planning Commission complied with the requirement to issue written findings statements in support of its September 2019 project approvals (6 NYCRR 617.11[c]). M-4182 In the Matter of Neighbors United Below Canal v Mayor Bill de Blasio
Motion for leave to file amici brief granted. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021